Filed 7/3/23  P. v. Singh CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAVINESH SINGH,<br><br>    Defendant and Appellant. | C097537<br><br>(Super. Ct. No. 08F09592) |

In September 2013, a jury found defendant Ravinesh Singh guilty of first degree murder and found that he personally used a firearm.  Prior to the verdict and over defendant's objection, the trial court had admitted handwritten rap lyrics found at defendant's home, ruling they were relevant to show intent and motive.  The trial court had also instructed the jury on willful, deliberate, and premeditated first degree murder, but did not instruct on felony murder or the natural and probable consequences doctrine.  At sentencing, the trial court imposed a sentence of 50 years to life in state prison.  This court affirmed the judgment in 2018, rejecting defendant's challenge to the admission of the rap lyrics.  (*People v. Singh* (May 14, 2018, C075295) [nonpub. opn.].

1

In June 2022, defendant filed a petition for resentencing under Penal Code former section 1170.95, now 1172.6.[1] The trial court denied defendant's petition, finding him ineligible for relief as a matter of law because defendant was the actual killer and the jury was not instructed on felony murder or the natural and probable consequences doctrine.

Defendant now appeals the trial court's denial of his petition for resentencing. His appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) or *People v. Wende* (1979) 25 Cal.3d 436, and asked that we exercise our discretion to review the record for arguable issues on appeal.

In April 2023, this court notified defendant he had 30 days to file a supplemental brief raising any argument he wanted us to consider. Defendant filed a supplemental brief, arguing (1) the prosecutor was not able to prove when the rap lyrics admitted at trial had been written, (2) the rap lyrics did not have sufficient similarity to the murder, (3) a police detective should not have been allowed to testify regarding the rap lyrics , (4) under newly enacted Evidence Code section 352.2, the rap lyrics are no longer admissible, (5) the prosecutor did not prove that the rap lyrics were written by defendant, and (6) we should appoint new appellate counsel for defendant.

Because the record indicates defendant is not entitled to relief under section 1172.6, we will affirm the trial court's order denying the petition for resentencing.

DISCUSSION

Senate Bill No. 1437 (Reg. Sess. 2017-2018) (Senate Bill 1437), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is

---

[1] Undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. Although defendant filed his petition under former section 1170.95, we will cite to the current section in the remainder of our opinion.

not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.)

Senate Bill 1437 also added what is now section 1172.6, which allows those convicted of attempted murder under the natural and probable consequences doctrine to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

A reviewing court need not engage in a full *Wende* review on a challenge to an order denying postconviction relief under section 1172.6. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) Where, as here, a defendant has filed a supplemental brief, a court of appeal need only evaluate the specific arguments presented in the brief. (*Id*. at p. 232.) "The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Ibid*.)

Regarding defendant's request for the appointment of different appellate counsel, we do not have sufficient information to grant the request. His other contentions focus on the admission of the rap lyrics. Although this court rejected defendant's evidentiary challenge to the admission of the rap lyrics in his prior appeal, defendant notes the law regarding rap lyrics has changed since then. But defendant's judgment has been final for years, and Evidence Code section 352.2 does not apply retroactively to a final judgment. (*People v. Ramos* (2023) 90 Cal.App.5th 578, 590, petn. for review pending, petn. filed May 19, 2023.)

To the extent defendant invites us to reweigh evidence by arguing what the prosecutor failed to prove, we decline the invitation. We will not second-guess the jury's findings. It is sufficient to note that the record indicates defendant was the actual killer, and there is no indication the jury found defendant guilty based on a now-improper theory. We find no error in the trial court's determination that defendant is ineligible for section 1172.6 relief.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

/S/
MAURO, J.

We concur:

/S/
HULL, Acting P. J.

/S/
MESIWALA, J.

4